Gabrielli, J.
The central question is whether an accident occurred as the meaning of that term is contemplated in the policy of insurance issued by defendant, where plaintiffs building gradually cracked, settled and was damaged over a period of several months due to the continuing excavation and construction on certain adjacent property owned by the insured. The majority of the Appellate Division held that these events constituted an accident over defendant’s arguments that there was no sudden, catastrophic event and that there was ample notice to the insured by plaintiff, of the likely consequences of its construction methods.
This action is against defendant insurance company under section 167 (subd 1, par [b]) of the Insurance Law for its refusal to satisfy a judgment obtained by plaintiff against defendant’s insured.
In December, 1966 plaintiff brought suit against Colpan Realty Corporation (Colpan) and others. The complaint alleged in the third paragraph that on and after June 9, 1965 defendants erected an apartment house on a lot adjacent to the property owned by plaintiff; that in constructing a parking lot and driveway defendants raised the grade of their land along the common boundary to plaintiff’s land; that this caused a great weight of stones, boulders and earth and surface waters therein contained, to press against the north wall of plaintiff’s parking garage; that, together with the weight of large construction and other vehicles passing over the driveway, this lateral pressure caused severe damage, "and a dangerous condition which constitutes a nuisance.”
In the fifth paragraph of the complaint it is alleged that through plaintiff’s several warnings defendant was made aware of the damage likely to occur, but nevertheless "trespass[ed]” upon plaintiff’s property.
Colpan apprised its insurer, the defendant in the instant action, of the lawsuit and forwarded to its insurer the summons and complaint. Defendant disclaimed any coverage for *362 damage caused by willful trespass, but offered Colpan a "gratuitous” defense of the action which Colpan refused. As the trial progressed the court allowed plaintiff to amend its complaint so as specifically to allege negligence. Defendant insurer was not notified of this amendment. A judgment based on a finding of negligence was ultimately rendered against all defendants in the amount of $84,000 and defendant, Colpan’s insurer, refused to pay.
This refusal prompted the present action by plaintiff against Colpan’s insurer under section 167 (subd 1, par [b]) of the Insurance Law. Defendant alleged in its answer that it had never received notice of an accident; that the original complaint forwarded to it was grounded in trespass; that the acts complained of were alleged to be willful; that coverage existed only for accidents; that it was not apprised of the amendment of the complaint to include a cause of action for negligence until six months after the trial; and, further, that of several policies issued to Colpan during 1965 and 1966 the one with the highest limits was not in effect at the time the injury was said to have occurred.
It was established, and goes uncontroverted, that in the fall or early winter of 1965 plaintiff started complaining to Col-pan; that in December, 1965 or January, 1966 plaintiff pointed out cracks in its garage wall to an officer of Colpan and that there was water seepage.
In the instant action, upon plaintiff’s motion for an order dismissing each of the defenses, Special Term ruled that issues of fact were present including that concerning the application of the term "accident”. Special Term held that "the answer to whether an accident within the meaning of the policy did occur can be gotten only by an examination of the facts, and * * * these facts cannot be determined on this motion.” Two of the policies in question insured against liability for "all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property including the loss of the use thereof caused by accident”. The somewhat more restrictive wording in the policy providing the highest limits insured against liability for "all sums which the insured shall become legally obligated to pay as damages because of property damage to which this section applies caused by accident and arising out of the ownership, maintenance and use of the premises and all operations necessary or incidental thereto”.
*363 At the conclusion of the trial which followed, the Judge granted defendant’s motion to dismiss the complaint on the grounds that defendant’s coverage did not extend to the trespass cause of action alleged in the original complaint; that it did not receive timely notice of the added negligence claim; and that no accident was alleged, much less proved. The court, sitting without a jury, emphasized the facts that Colpan’s actions were willful, that this was the way the original complaint was framed, and that therefore there could have been no accident since that term contemplates the lack of willful conduct.
The Appellate Division majority reversed on the law and the facts in a comprehensive opinion with which we generally agree and upon which we would rest our affirmance were it not that we wish to emphasize that the application of the term accident in such contexts as that before us provides a question of fact and not a question of law. In another case with slightly varient facts, the fact finders might well correctly hold no accident to have occurred.
One often contemplates and envisions a sudden or catastrophic event when considering the term accident — an event which is unanticipated and the product of thoughtlessness rather than willfulness. But a broader view must be taken of the term for otherwise how could we classify catastrophic results which are the unintended fruits of willful conduct? Certainly one may intend to run a red light, but not intend that the catastrophic result of collision with another car occur. Calculated risks can result in accidents. Judge Cardozo framed the situation perfectly in his lucid opinion in Messersmith v American Fid. Co. (232 NY 161) in which he advanced similar illustrations and stated: "Injuries are accidental or the opposite for the purpose of indemnity according to the quality of the results rather than the quality of the causes” (p 165). The question in Messersmith was whether defendant insurer’s accident coverage applied to the situation where the insured knowingly and willfully loaned the insured vehicle to a person under 18 years of age, unaccompanied by a duly licensed person. Did the nature of the insured’s act, knowingly done, nevertheless lead directly to the catastrophic consequences when the infant became involved in a collision? Judge Cardozo acknowledged that the insured never intended any resultant harm to other travelers. "The act of so intrusting it was willful, but not the ensuing conduct of the custodian, through *364 which injury resulted” (p 165). In ultimately summarizing his discussion, he added: "The character of the liability is not to be determined by analyzing the constituent acts which, in combination, make up the transaction, and viewing them distributively. It is determined by the quality and purpose of the transaction as a whole” (p 166).
We agree that this "transaction as a whole” test should be applied by the fact finder when determining whether the term accident is applicable to a given situation. We agree also that it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damage were intentional. In this case Colpan took no less a calculated risk than did the insured in Messersmith who, knowing the age of the infant, knowing his lack of experience and knowing such driving to be illegal, nevertheless directed the infant to take the car. Here Colpan, knowing that the work on its project and the pressure it was evidently exerting against plaintiff’s building might lead to some eventual damage to the building, nevertheless took the calculated risk that such would not eventuate and elected to continue operations without attempting to correct its methods — or so it could be found. It is nowhere maintained that Colpan, in addition to making the informed decision not to alter its methods, intended that plaintiff’s building should, as a result, incur the damage which did eventuate. The results could be found to be accidental in this context no less than if, on a given day, in the face of warnings by plaintiff that its methods threatened plaintiff’s building, Colpan proceeded as before causing the building’s immediate collapse. Solely because of the shrunken time span the situation would be viewed with the cloak of immediacy and suddenness. The fact of Colpan’s willfullness would have been lost in the building’s sudden destruction which no one would argue was an intended result of Colpan’s intentional persistence in potentially dangerous conduct.
We agree with the dissenters below to the extent it is stated that the term accident must be construed in its relevant context; but we hold that the relevant context to be considered is the fact that it is a word employed by an insurer in the contract and should be given the construction most favorable to the insured. Thus, regardless of the initial intent or lack thereof as it relates to causation, or the period of time involved, if the resulting damage could be viewed as unintended *365 by the fact finder the total situation could be found to constitute an accident.
In one of the cases relied on by the dissenters below which reached this court, Jackson v Employers’ Liab. Assur. Corp. (139 Misc 686, affd 234 App Div 893, affd 259 NY 559), it was claimed that a child’s death resulted because the landlord failed to provide adequate heat over a prolonged period of time and that this amounted to an accident within the meaning and coverage of the landlord’s insurer’s policy. Special Term denied recovery largely because there was conjecture as to the extent to which other causes contributed to the fatality. He stated: "A variety of causes other than a lack of sufficient heat may account for such disease and its inception and fatal termination often cannot be assigned to any definite and ascertained cause” (139 Misc, at p 690). There is no such causation problem in the instant case. In the other case reaching this court and relied on by the dissent below, Matter of Croshier v Levitt (5 NY2d 259), there is nothing to preclude from coverage the occurrence in the instant case. In fact it was there stated: "No all-inclusive definition of 'accident’ is possible, nor any formulation of a test applicable in every case, for the word has been employed in a number of senses and given varying meanings depending upon the relevant context” (p 262). (See, also, Matter of Greensmith v Franklin Nat. Bank, 21 AD2d 576, 578, affd 16 NY2d 973; Matter of Jones v Curran & Co., 33 AD2d 525.)
Insofar as defendant claims exemption from liability because of the nature of plaintiff’s original complaint, the majority could, as they did, find that although paragraph five alleged trespass, paragraph three contained allegations easily construable as charging lack of due care which should have signaled defendant to the likelihood that an accident might be proved. The insurer’s duty to defend is broader than its duty to pay (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326) and the insurer assumes the risk in making its own decision as to what is alleged or what might be proved against its insured. The insured is entitled to an unqualified defense which was not offered here, and since the insurer did not use the declaratory judgment device to determine its duties, it must assume the consequences.
It was also well within the limits of the Appellate Division’s authority to find on the facts that the plaintiff’s claim is *366 enforceable under all of the several policies issued by defendant to Colpan.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.