■     NATIONAL HEAT & POWER CORP., Appellant, v CITY TITLE INSURANCE COMPANY, Respondent.—In an action, *inter alia,* to recover damages resulting from the defendant title company's failure to discover a defect in title, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered October 7, 1975, which is in favor of defendant, after a nonjury trial. Judgment affirmed, with costs. The gravamen of the complaint herein is defendant-respondent's failure to discover, before the closing of title to the real property it insured, that an involuntary bankruptcy petition had been filed against plaintiff's grantor three days earlier. The trustee in bankruptcy subsequently brought an action against the plaintiff grantee and others to declare the transfer of the bankrupt's real and personal property to be fraudulent, null and void and to require them to pay fair value therefor and to pay treble damages for any loss sustained thereby by the trustee. The complaint contained an allegation that the transfers were fraudulent, null

and void irrespective of, and without regard to, the actual intent of the bankrupt and the defendants. The defendant title company refused to defend the plaintiff-appellant against that action, and the present suit was commenced. After a nonjury trial the court dismissed the complaint on the ground that the trustee's action did not attack plaintiff's title and that, even if it did, the defendant would not be liable under the policy because the plaintiff had failed to inform defendant of the bankrupt's serious financial difficulties, of which plaintiff had actual or constructive knowledge. Not being liable to pay damages, the defendant was held not obligated to defend the plaintiff against the trustee's action. This was error. By alleging that the transfer of the realty to plaintiff was fraudulent and null and void, the trustee's complaint attacked the plaintiff's title; the defendant was therefore under a duty to defend the plaintiff against the trustee's action (see *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 72–74; *McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358, 365, affg 43 AD2d 368, 378–379; *Rosen & Sons v Security Mut. Ins. Co. of N. Y.,* 31 NY2d 342, 347–348). The defendant's refusal to defend was thus a breach of its covenant, for which the plaintiff may recover the expenses incurred by it in defending itself against the trustee's action (see *Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148, 154). We agree with the trial court that the proof showed defendant was not liable to pay damages under the policy, but we do not agree that the defendant had no duty to defend the plaintiff against the trustee's action. However, the plaintiff offered no proof at the trial as to the reasonable cost of defending itself against the trustee's action, thereby failing to prove an essential element of its case. It is for this reason that we affirm. Hopkins, Acting P. J., Margett, Damiani and Titone, JJ., concur.