■ In the Matter of the TOWN OF HUNTINGTON, Appellant, v HARTFORD INSURANCE GROUP et al., Respondents.—In an action, *inter alia,* to declare that the Hartford Insurance Group and the Hartford Fire Insurance Company (hereafter collectively the Hartford) are obligated to defend plaintiff in a certain action and to pay any judgment which may be rendered against it therein, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated April 18, 1978, which, after a hearing, declared that defendants are not obligated to defend or indemnify it in the underlying action. Judgment reversed, on the law, without costs or disbursements, and judgment is granted to plaintiff to the extent of declaring that the Hartford is obligated to defend the plaintiff in the underlying action. On or about February 3, 1977 plaintiff, the Town of Huntington, was served with a summons and complaint on behalf of a resident of the town, Elizabeth Robinson, alleging, *inter alia,* that during January and February, 1976, the town had diverted large volumes of storm water into ponds adjacent to her land, causing the water level of said ponds to rise and resulting in the flooding of, and damage to, her property. Money damages aggregating $10,000 were pleaded, and it was further alleged that "by virtue of Section 853 of the Real Property Actions and Procedures *[sic]* Law [Ms. Robinson] became entitled to treble the amount of said damages." Notice of this underlying action was given to the defendant insurers four days later and, in a letter dated February 10, 1977, the Hartford disclaimed coverage under its general liability policy then in effect with the town for the stated reason that the allegations of the complaint indicated that the town's actions were "deliberate and intentional [and did] not fall within the scope of the coverage afforded." Trial Term found "that the Town's dispersal of the storm runoff waters * * * into the pond abutting the Robinson property was intentional, in that Town employees intended to transfer water [in]to the pond", and therefore concluded that the foregoing could not constitute a covered "occurrence", which is defined in the policy to mean "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured". This appeal followed. A declaration that there is

no obligation to defend could properly be made at this juncture only if it could be concluded as a matter of law that there is no possible factual or legal basis upon which the Hartford might eventually be held obligated to fully or partially indemnify the Town of Huntington under any provision of its general liability policy (see *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). In our view, the present record does not permit us to reach any such conclusion, as it would be open to the jury in the underlying action against the town to conclude that the flooding of Ms. Robinson's land as a result of the town's diversion of storm waters into the adjacent ponds was, at least initially, the "unintended" result of its negligent, albeit willful act of pumping such storm waters into said ponds for the express purpose of transferring the excess waters into an adjacent sump by means of an interconnecting weir. The foregoing could constitute a covered "occurrence" within the meaning of the policy, as the Court of Appeals has held that "it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damages were intentional" *(McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358, 364). However, any determination as to the obligation of the insurer to indemnify its insured would be premature at this time and must await the resolution of the underlying claim (see *Spoor-Lasher Co. v Aetna Cas. & Sur. Co., supra).* Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.