■ MARY & ALICE FORD NURSING HOME CO., INC., Respondent, v FIREMAN'S INSURANCE CO. OF NEWARK, NEW JERSEY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered August 5, 1980 in Albany County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action. Following her discharge from plaintiff's employ, Kathleen Wood and her husband commenced an action for damages against plaintiff alleging that she was discharged due to a disability, in

violation of section 296 of the Executive Law. Plaintiff timely notified defendant, its insurer, and requested that defendant defend and indemnify plaintiff in the Woods' action. Defendant disclaimed and plaintiff commenced this declaratory judgment action seeking a declaration that three specified policies of insurance obligated defendant to defend and indemnify plaintiff in the Woods' action. Special Term denied defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action, made before the answer was served, and this appeal ensued. Defendant's obligation to defend is broader than its obligation to indemnify, and exists if the complaint in the Woods' action " 'alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy' [citations omitted]" (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69, 72). Put another way, defendant has no obligation to defend only if it can be concluded as a matter of law that there is no possible factual or legal basis on which defendant might eventually be held to be obligated to indemnify plaintiff under any provision of the insurance policies (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875). The thrust of defendant's argument with respect to all three policies at issue here is that the allegations of the Woods' complaint cannot be construed as alleging that the damages sought resulted from an accident within the meaning of the policies.[*] The general liability policy covers "bodily injury" caused by an "occurrence", while the umbrella policy covers "personal injury" caused by an "occurrence". "Occurrence" is defined in each policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected or intended from the standpoint of the insured". The workers' compensation policy covers "bodily injury by accident * * * sustained * * * by an employee of the insured arising out of and in the course of his employment by the insured". "The multifaceted term 'accident' is not given a narrow technical definition by the law. It is construed, rather, in accordance with its understanding by the average man * * * who, of course, relates it to the factual context in which it is used * * *. '[I]t is customary to look at the causalty from the point of view of the insured, to see whether or not, from his point of view, it was unexpected, unusual and unforeseen' [citations omitted]" (*Miller v Continental Ins. Co.*, 40 NY2d 675, 676, 677). In order to recover in their action under subdivision 9 of section 297 of the Executive Law, the Woods must first prove that plaintiff discharged Kathleen Wood because of her disability (Executive Law, § 296, subd 1, par [a]). If, in fact, plaintiff discharged Kathleen Wood from her employment because of her disability, it cannot be said that the mental and emotional injuries alleged by the Woods as flowing directly from plaintiff's intentional discriminatory practice were unexpected and unforeseen by plaintiff, the insured. While "it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damage were intentional" (*McGroarty v Great Amer. Ins. Co.*, 36 NY2d 358, 364), such is not the case here, for the damages alleged in the Woods' complaint are the intended result which flows directly and immediately from plaintiff's intentional act, rather than arising out of a chain of unintended though foreseeable events that occurred after the intentional act (see, e.g., *Matter of Town of Huntington v Hartford Ins. Group*, 69 AD2d 906; *Farm Family Mut. Ins. Co. v Bagley*, 64 AD2d 1014). Unlike *Miller* (*supra*), where the insured intentionally injected heroin into his arm but the overdose and resulting death were unintentional, the injuries alleged as a result of plaintiff's discriminatory practice were neither unexpected nor unforeseen, but

---

[*] Since defendant has not raised the issue, we have assumed for the purpose of this appeal that the injuries alleged in the Woods' complaint constitute "bodily injury" within the meaning of the general liability and workers' compensation policies.

rather they were the direct and natural consequence of plaintiff's intentional act. Thus, if the Woods succeed in their action, the proof will necessarily establish that there was no accident within the meaning of the insurance policies in question and, therefore, defendant will not be liable to indemnify plaintiff. Since defendant cannot be liable to indemnify plaintiff for any damages it might have to pay as a result of the Woods' action, defendant has no duty to defend plaintiff in that action. Accordingly, defendant's motion to dismiss the complaint should have been granted. Order reversed, on the law, with costs, and defendant's motion to dismiss the complaint granted. Mahoney, P. J., Sweeney, Casey and Weiss, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). I believe that there should be a declaration that plaintiff is entitled to a defense under coverage B of its workers' compensation and employer's liability policy of insurance. This conclusion is based upon by reading of *Miller v Continental Ins. Co.* (40 NY2d 675). As pointed out by the majority, *Miller* instructs us that in construing the word "accident" in an insurance policy, we must reason from the point of view of the *insured* and in accordance with the understanding of the average man. I do not find it unreasonable to conclude that this employer, faced with defending the under-lying action herein, would expect legal representation to be provided by the insurance company covering injuries alleged to have arisen out of employment with plaintiff. Defendant has not satisfactorily established that the claim herein rests within an exclusion of the policy to the extent that it is relieved of its heavy obligation to provide the insured with a defense (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322). Accordingly, I would affirm the determination of Special Term insofar as it provides for such coverage.