■ CONTINENTAL INSURANCE COMPANY, Appellant-Respondent, v LOUIS J. COLANGIONE et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court, entered February 21, 1984 in Rensselaer County, which set aside a jury verdict in favor of plaintiff rendered at Trial Term (Connor, J.), and granted a new trial.

The essential facts underlying this appeal appear in our prior disposition (94 AD2d 916), wherein it was concluded that plaintiff's duty to defend and insure defendants against a third-party property damage claim involved "open factual questions" as to whether there was an "occurrence" bringing the third-party action within the coverage of the general liability policy of defendant Skyway Construction Company, Inc. (Skyway Construction).

A two-week trial took place during which defendants, in an effort to sustain their counterclaims, sought, among other things, to establish (1) that water leakage causing damage to a Syracuse University building project* constituted an "occurrence" within the meaning of the liability policy issued by plaintiff to Skyway Construction, and (2) that this coverage extended to the individual defendants for damages they suffered by reason of plaintiff's failure to defend and insure Skyway Construction in a third-party suit brought against it in Onondaga County by the project's general contractor. At the close of the trial, the court submitted five questions to the jury. The first asked: "Did there take place an 'occurrence' resulting from an accident, including injurious exposure to conditions which results happened during the policy period to property damage neither expected nor intended from the standpoint of Skyway Construction from October 1, 1970 to May 5, 1971? If your answer is no to Question #1 you need go no further." The trial

* Skyway Construction was a subcontractor on the project. Defendants Louis J. Colangione, Bernice M. Colangione, Louis R. Colangione and Diane M. Colangione are officers, directors and shareholders of Skyway Construction.

court further charged the jury that in order for there to have been an occurrence, "you must find that the cause of the wrongful act was not expected or was intentional but accidental in nature". Voting five to one, the jurors response to this first question was "No". Thereafter, the trial court granted defendants' motion for a trial *de novo* on the counterclaims on the ground that the jury's verdict was against the weight of the evidence. In particular, the trial court was of the opinion that its charge to the jury with respect to the operative term "occurrence" was prejudicially confusing.

The insurance policy at issue expressly defines "occurrence" as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured". In determining whether damage is a product of an accident, the transaction must be considered as a whole and if, as noted in *McGroarty v Great Amer. Ins. Co.* (36 NY2d 358), "the resulting damage could be viewed as unintended by the fact finder the total situation could be found to constitute an accident" (*id.*, at pp 364-365). This court, interpreting virtually the identical clause at issue herein, namely a definition of an occurrence as an accident which results in property damage neither expected nor intended, has distinguished between damages which flow directly and immediately from an intended act, thereby precluding coverage, and damages which accidentally arise out of a chain of unintended though expected or foreseeable events that occurred after an intentional act (*Mary & Alice Ford Nursing Home Co. v Fireman's Ins. Co.,* 86 AD2d 736, 737-738, affd 57 NY2d 656). Ordinary negligence does not constitute an intention to cause damage (see *Allstate Ins. Co. v Klock Oil Co.,* 73 AD2d 486, 488); neither does a calculated risk amount to an expectation of damage (*McGroarty v Great Amer. Ins. Co., supra,* p 363). To deny coverage, then, the fact finder must find that the insured intended to cause damage (see *Allstate Ins. Co. v Klock Oil Co., supra*). The record before us reveals that defendants had no intention to cause harm and, in fact, strove to prevent the damages occasioned by water leakage. Accordingly, as the trial court correctly observed, its failure to charge the jury that the controlling issue was whether the damages were accidental or intentional was prejudicial error since, as given, the charge permitted preclusion of insurance coverage even if the damages were unintended. The interest of justice requires a new trial.

Since "*application* of the term accident in such contexts as that before us provides a question of fact and not a question of

law" (*McGroarty v Great Amer. Ins. Co., supra,* p 363 [emphasis added]), we deem it inappropriate to resolve at the appellate level the other questions presented to, but not reached by, the jury.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.