■ WILLIAM BARRY, Respondent, v JAN C. ROMANOSKY et al., Respondents, and CONTINENTAL INSURANCE COMPANY, Appellant.—In an action for a judgment declaring, *inter alia,* that the defendant Continental Insurance Company has a duty to indemnify the defendant Jan C. Romanosky in an underlying negligence action the plaintiff William Barry commenced against him, the defendant Continental Insurance Company appeals from an order of the Supreme Court, Suffolk County (Mazzei, J.), dated May 2, 1988, which granted the plaintiff's motion for summary judgment directing Continental Insurance Company to (1) indemnify the defendant Jan C. Romanosky in the underlying action and (2) pay the reasonable legal costs of the plaintiff incurred in bringing the declaratory judgment action.

Ordered that the order is modified by deleting therefrom that portion which granted that branch of the plaintiff's motion which was for summary judgment directing the defendant Continental Insurance Company to pay the plaintiff's attorney's fees incurred in the prosecution of this action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On January 27, 1984 the defendant Jan C. Romanosky became involved in an altercation with several bouncers at the Emotions discotheque. He was ejected from the club and a short while later he took a 12-gauge shotgun and fired a round of buckshot at the front door of the club, injuring the plaintiff who was inside. Jan C. Romanosky was subsequently arrested and charged with assault in the first degree. He ultimately pleaded guilty to attempted assault in the first degree. At his

plea allocution he told the court that he only intended to damage the door of the discotheque and that he did not think that anyone would be injured.

Thereafter, the plaintiff commenced a negligence action against Jan C. Romanosky and others. In January 1985, the Supreme Court awarded summary judgment to the plaintiff on the issue of liability. Subsequently the defendant Continental Insurance Company (hereinafter Continental) informed Jan C. Romanosky that it would not pay any judgment rendered against him since the insurance policy under which he was being sued excluded from its coverage "bodily injury * * * that is expected or intended by a covered person".

The plaintiff then commenced the instant action for a judgment declaring, *inter alia,* that Continental had a duty to indemnify Jan C. Romanosky for any judgment awarded the plaintiff in the negligence action. In or about October 1987 the plaintiff moved for summary judgment in this declaratory judgment action and, *inter alia,* asked the court to award him reasonable attorney's fees for the cost of prosecuting this action. The court reviewed the papers the plaintiff had submitted in support of his summary judgment motion in the negligence action, as well as additional affirmations in support of and in opposition to the instant motion, and concluded that there was nothing in the record to support a finding that Jan C. Romanosky either intended or expected to cause the plaintiff's injuries. Therefore, Continental would be required to indemnify Jan C. Romanosky for any money damages awarded the plaintiff in the underlying action. The court also awarded the plaintiff attorney's fees.

Supreme Court properly awarded summary judgment to the plaintiff on the indemnification issue. There is nothing in the record to support a conclusion other than that the plaintiff's injuries were the accidental result of Jan C. Romanosky's intentional act. Under those circumstances, Jan C. Romanosky did not intend or expect to cause the injury and therefore the injuries are covered by the policy *(see, Miller v Continental Ins. Co.,* 40 NY2d 675; *McGroarty v Great Am. Ins. Co.,* 36 NY2d 358, 364; *Baldinger v Consolidated Mut. Ins. Co.,* 15 AD2d 526, *affd* 11 NY2d 1026).

The plaintiff is not entitled to attorney's fees since such an award may only be made when an insurer takes legal steps to free itself from its policy obligations, thereby casting the insured in a defensive posture *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *State Farm Fire & Cas. Co. v Irene*

*S.,* 138 AD2d 589). Where a party brings an action to determine its rights vis-à-vis an insurance policy, attorney's fees are not recoverable *(see, Johnson v General Mut. Ins. Co.,* 24 NY2d 42). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.