**Rene MONCADA, Plaintiff,**

v.

**RUBIN–SPANGLE GALLERY, INC., and Lynn Rubin, Defendants.**

**RUBIN–SPANGLE GALLERY, INC., and Lynn Rubin, Third–Party Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Joseph Wasserstein, Wasserstein Bros., Inc., Leon Sadoff and Colvu East Enterprises, Inc., Third–Party Defendants.**

**No. 91 Civ. 7246(MEL).**

United States District Court, S.D. New York.

Nov. 4, 1993.

---

Paul H. Appel, New York City, for plaintiff.

Roper, Barandes & Fertel, New York City (Barry R. Fertel, of counsel), for defendants and third-party plaintiffs.

Hayes & Ryan, New York City (Thomas D. Hughes, of counsel), for third-party defendant Aetna Cas. and Sur. Co.

LASKER, District Judge.

Rene Moncada, a visual artist, sues Rubin–Spangle Gallery, Inc. ("Gallery") and its proprietor Lynn Rubin ("Rubin") for an alleged violation of the Visual Artists Rights Act (17 U.S.C. § 106A), and for malicious assault, interference with copyright and conversion.

In turn, the Gallery and Rubin filed a third-party complaint naming, among others, Aetna Casualty and Surety Company ("Aetna"). The Gallery and Rubin claim that their commercial general liability policy with Aetna covers the cause of action for malicious assault.

Aetna now moves to dismiss the third-party complaint against it on the grounds that the Gallery's insurance policy does not cover the acts complained of in Moncada's cause for action for malicious assault and, correspondingly, that Aetna has no duty to defend the action.

I.

The following facts are not disputed: Lynn Rubin operates the Rubin–Spangle Gallery, a New York corporation located at 395 West Broadway in New York City. Rene Moncada is a visual artist who paints his signature wall murals ("I am the best artist, Rene") on buildings in the Soho area of Manhattan. In June of 1991, Moncada obtained permission from the tenant of 397 West Broadway to paint such a mural on an exterior wall of the building. The wall was located directly opposite the entrance to Rubin's Gallery. A day after Moncada completed the mural, Rubin personally supervised an employee to paint over the wall. When Moncada discovered that the mural was about to be painted over, he attempted to film the act on a camcorder. As Moncada looked through the viewfinder, Rubin placed her hand on the lens to prevent him from videotaping.

Although the parties differ as to how much force Rubin used to block the camcorder, they agree for the purposes of this motion that Rubin did touch the camcorder in an effort to prevent Moncada from videotaping. Moncada's Second Amended Complaint alleges that the "assault injured plaintiff's eye and otherwise caused him pain and suffering."

Aetna moves to dismiss the third-party complaint against it, arguing that the incident does not constitute an "occurrence" covered by the policy because the policy defines the term "occurrence" as "an accident." Rubin's touching of the camcorder, Aetna points out, was intentional rather than accidental. Aetna also contends that under the clause which excludes injuries "expected or intended from the standpoint of the insured," this incident is not covered because Rubin either "expected or intended" Moncada's alleged injuries.

In their joint memorandum opposing this motion, the Gallery and Rubin do not address Aetna's contention that the incident is not an "accident" and, therefore, is not a covered occurrence. Rather, they focus entirely on

the policy exclusion point, arguing that: (1) the exclusion does not apply because Rubin did not intend to injure Moncada and (2) the claim is covered by the policy because it constituted an injury resulting from "the use of reasonable force to protect person or property," and such injuries are excepted from the exclusion.

## II.

Is the alleged assault a covered occurrence?

Paragraph 9 of the "Definitions" section of the Aetna policy states: "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The New York Court of Appeals has held that the term "accident" should be construed "as would the ordinary man on the street or ordinary person when he purchases and pays for insurance." *Arthur A. Johnson Corp. v. Indemnity Ins. Co.*, 7 N.Y.2d 222, 227, 196 N.Y.S.2d 678, 682, 164 N.E.2d 704, 706 (1959) (construing liability insurance policy of a building contractor). The Court has described an "accident" as an event which "from the point of view of the insured ... was unexpected, unusual and unforeseen." *Miller v. Continental Ins. Co.*, 40 N.Y.2d 675, 676, 389 N.Y.S.2d 565, 566, 358 N.E.2d 258, 259 (1976) (construing accidental death policy).

New York courts have held that an accident need not necessarily be an entirely fortuitous event. "Any injury resulting from ordinary negligence is considered to be accidental." *Allstate Insurance Co. v. Klock Oil Co.*, 73 A.D.2d 486, 488, 426 N.Y.S.2d 603, 605 (4th Dept.1980) (construing comprehensive general liability policy). Moreover, injuries that are the "accidental results" of intentional acts may, depending on the facts of the case, come under the definition. *Barry v. Romanosky*, 147 A.D.2d 605, 607, 538 N.Y.S.2d 14, 16 (2d Dept.1989) (construing liability policy of a discotheque). However, injuries "which flow directly and immediately from an intended act" are not considered accidental. *Continental Insurance Co. v. Colangione*, 107 A.D.2d 978, 979, 484 N.Y.S.2d 929, 930 (3d Dept.1985) (construing general liability policy of subcontractors), citing *Mary & Alice Ford Nursing Home v. Fireman's Ins. Co.*, 86 A.D.2d 736, 738, 446 N.Y.S.2d 599, 601 (3d Dept.), *aff'd*, 57 N.Y.2d 656, 454 N.Y.S.2d 74, 439 N.E.2d 883 (1982).

Rubin and the Gallery rely on and draw an analogy to *Barry v. Romanosky*. In that case, Romanosky fired buckshots into the front door of a night club, intending only to damage the door in retaliation for his ejection from the premises. Unknown to him, the plaintiff was standing behind the door and was injured by the shots. The plaintiff sued Romanosky for negligent injury and sought a declaratory judgment that the night club's insurance company had a duty to indemnify the defendant. The Appellate Division, Second Department, held the injuries to be accidental on the grounds that "he only intended to damage the door of the discotheque and that he did not think that anyone would be injured." 147 A.D.2d at 606, 538 N.Y.S.2d at 15.

Rubin and the Gallery argue that because in the case at hand Rubin intended only to prevent Moncada from videotaping, any injury resulting from her pushing of the camcorder must likewise be considered accidental.

The allegations and agreed facts of this case do not support the argument that Moncada's injuries were accidental within the meaning of the policy and the decisions cited above. Moncada's cause of action is for "malicious assault"—an intentional act, not for negligence. Rubin concedes that she purposefully "touched plaintiff's camcorder in an effort to prevent him from videotaping." (Def.Mem. at 4.) Moreover, the alleged injury to the Moncada's eye was the direct result of Rubin's "touching" of the camcorder and not anything "unexpected, unusual and unforeseen." *Miller*, 40 N.Y.2d at 677, 389 N.Y.S.2d at 566, 358 N.E.2d at 259. None of the parties has suggested that Moncada's alleged injuries resulted from anything other than the natural consequences of Rubin's action. Injuries "which flow directly and immediately from an intended act" are not considered accidental. *Continental Insurance Co. v. Colangione*, 107 A.D.2d 978, 979, 484 N.Y.S.2d 929, 930 (3d Dept.1985).

**750**

Accordingly, under the definition set forth by the New York courts, the event in question was not an "accident," and the alleged injury to Moncada's eye cannot be considered "accidental." Therefore, it follows that the incident is not a covered "occurrence" under the Gallery's commercial general liability policy.

### III.

Does Aetna have a duty to defend?

The New York Court of Appeals has specified the standard for reviewing an insurer's duty to defend in *A. Meyers & Sons Corp. v. Zurich American Ins. Group,* 74 N.Y.2d 298, 302, 546 N.Y.S.2d 818, 820, 545 N.E.2d 1206, 1208 (1989):

> The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint. If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend. If no such possibility is raised, no duty to defend is owed under the policy. (Citations omitted.)

Because we find that Rubin's action is not a covered "occurrence," Aetna has no duty to defend.

\*    \*    \*

Aetna's motion to dismiss the third-party complaint against it is granted.

It is so ordered.