■ AVIVA H. WAINGORT, Also Known as AVIVA CUCCHIARELLA, Respondent, v MOISES WAINGORT, Appellant. [610 NYS2d 605] —In a proceeding pursuant to Domestic Relations Law § 244 to enforce the provisions of a Georgia final judgment and decree of divorce providing for the payment of child support, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated June 3, 1992, as (1) granted the plaintiff's motion for leave to enter a judgment for child support arrears in the amount of $56,550, and (2) denied the defendant's cross motion to vacate the filing of the Georgia final judgment and decree of divorce on the ground that it was not properly authenticated.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied in its entirety, and the defendant's cross motion to vacate the filing of the Georgia final judgment and decree is granted without prejudice to the subsequent filing by the plaintiff of a properly authenticated copy of the final judgment and decree.

The plaintiff filed a copy of the parties' Georgia final judgment and decree of divorce, which incorporated the parties' separation agreement, in the Office of the County Clerk, Kings County. The copy of the final judgment and decree was not

properly authenticated in that it did not comply with CPLR 4540 (c) which requires that: "Where the copy is attested by an officer of another jurisdiction, it shall be accompanied by a certificate that such officer has legal custody of the record, and that his signature is believed to be genuine, which certificate shall be made by a judge of a court of record of the district or political subdivision in which the record is kept, with the seal of the court affixed; or by any public officer having a seal of office and having official duties in that district or political subdivision with respect to the subject matter of the record, with the seal of his office affixed."

Therefore, the defendant's cross motion to vacate the filing of the final judgment and decree should have been granted. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.