■ TOWN OF GRAND ISLAND et al., Appellants, v HARTFORD FIRE INSURANCE COMPANY, Respondent. [614 NYS2d 831] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment declaring that defendant insurer is not obligated to defend or indemnify plaintiffs (the Town) in an action brought against them in United States District Court by River Oaks Marine, Inc. The complaint in the Federal action alleged nine causes of action and sought money damages and an injunction. The basis for

the complaint was the adoption by the Town of a "Natural Resources Moratorium" in 1986 that declared a moratorium on the excavation and removal from Grand Island of topsoil, earth, sand, clay or other soil substances. The judgment in the Federal action awarded damages to River Oaks and permanently enjoined the Town from enforcing the moratorium.

Defendant met its burden for summary judgment by showing that the only acts alleged in the complaint in the Federal action were intentional and deliberate, and the Town failed to raise an issue of fact that the results of the moratorium were unintended (cf., Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640; McGroarty v Great Am. Ins. Co., 36 NY2d 358, rearg denied 36 NY2d 874). Because the complaint in the Federal action did not involve an "occurrence" as defined in the policy issued by defendant to plaintiff Town of Grand Island, defendant has no duty to defend or indemnify the Town (see generally, Allstate Ins. Co. v Mugavero, 79 NY2d 153, 162-163). (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Declaratory Judgment.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.