■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant-Respondent, v ALLSTATE INSURANCE COMPANY et al., Respondents, and NEW ENGLAND INSURANCE COMPANY, Respondent-Appellant. (And a Third-Party Action.) CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v CERTAIN UNDERWRITERS OF LLOYD'S, LONDON, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [724 NYS2d 853] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 8, 2000, upon a jury verdict, in favor of the three defendant insurers, unanimously affirmed, without costs. Appeals and cross appeals from orders, same court and Justice, entered June 7, 2000, which, to the extent appealed and cross-appealed from as limited by the briefs, granted defendant Travelers Indemnity Company's motion to dismiss the complaint as against it as non-justiciable, granted similar cross motions of 13 other defendant insurers, granted defendant New England Insurance Company's motion for

partial summary judgment to dismiss the complaint with respect to a policy as barred by a statutory exclusion but denied partial summary judgment on the ground of exhaustion of the aggregate policy limit, unanimously dismissed, without costs.

The trial court properly ruled that, under the language of the policies at issue, plaintiff had the burden of proving that the damage was caused by an "accident," which would trigger coverage, and charged the jury appropriately. The stamp "Certified True Copy" on a report was insufficient to constitute self-authentification under CPLR 4540 (a) or 4520, and, in any event, any error in precluding the document was alleviated by the trial court's offer to allow plaintiff to call a rebuttal witness on the matter, which plaintiff declined to do. The pre-trial denial of defendant St. Paul Fire & Marine Insurance Company's motion for summary judgment to dismiss the complaint as to it, brought up for review by the appeal from the final judgment, was correctly decided inasmuch as the papers presented a triable issue of fact (see, McGroarty v Great Am. Ins. Co., 36 NY2d 358).

In light of the jury verdict against plaintiff, the appeal and cross appeal from various portions of orders entered on or about June 7, 2000, relating to pre-trial matters, are dismissed as moot. However, to the extent some of the policies contained different language, which would have placed the burden of proof on certain insurers to establish that plaintiff had the intent to cause the property damage, the IAS court properly determined that the damage should be prorated over the 50-year period plaintiff claimed it continuously occurred, and not allocated to any one specific year that plaintiff might elect (see, Olin Corp. v Insurance Co. of N. Am., 221 F3d 307, 322-325). Concur—Nardelli, J. P., Mazzarelli, Wallach and Friedman, JJ.