12-4287-cv
Emerson Enters., LLC v. Hartford Accident & Indem. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
     GERARD E. LYNCH,
     RAYMOND J. LOHIER, Jr.,
       *Circuit Judges*.

------------------------------------------------------------------------

EMERSON ENTERPRISES, LLC,

       *Plaintiff-Appellant*,

     v.             No. 12-4287-cv

HARTFORD ACCIDENT AND INDEMNITY CO., CONTINENTAL INSURANCE COMPANY, in its own right and as successor by merger to Firemen's Insurance Company of Newark, NJ and Glens Falls Insurance Co., THE TRAVELERS INDEMNITY CO.,

       *Defendants-Appellees*,

FIREMAN'S INSURANCE COMPANY OF NEWARK, NJ, KENNETH CROSBY ACQUISITION CORP., KENNETH CROSBY CO., INC., KENNETH CROSBY NEW YORK, INC., T.T. BEARING CO., INC., ROCHESTER TOOL CORP., JAYNE C. SUMMERS, CLARK WITBECK, INC., BRIAN J. CAIN, DEAN BRODIE, CURTIS S. KLING, JOHN DOE

1

CORPORATIONS A–Z, JOHN DOES, JOHN DOE INSURANCE COMPANIES, JASCO TOOLS, INC., BARBARA F. GOODRICH, Executor Of The Estate Of Vernon L. Goodrich, KENNETH CROSBY NEW YORK, LLC, PG INSURANCE CO. OF NEW YORK, GLENS FALLS INSURANCE CO., THE TRAVELERS INSURANCE CO.,

Defendants.*

---------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT: | ALAN J. KNAUF, Knauf Shaw LLP, Rochester, New York. |
| APPEARING FOR APPELLEES: | ROBERT M. KAPLAN, Ferber Chan Essner & Coller, LLP, New York, New York, *for Appellee Continental Insurance Company*. |
| | MICHAEL S. KOMAR, Menz Bonner Komar & Koenigsberg LLP, New York, New York, *for Appellee Hartford Accident and Indemnity Co.* |
| | STEPHEN M. LAZARE (Patricia Dee Bilka, *on the brief*), Lazare Potter & Giacovas LLP, New York, New York, *for Appellee Travelers Indemnity Company*. |

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2012, is AFFIRMED.

Plaintiff Emerson Enterprises, LLC ("Emerson"), appeals from the grant of summary judgment in favor of defendants Travelers Indemnity Co. ("Travelers"), Hartford

---

* The Clerk of Court is directed to amend the official caption as shown above.

Accident and Indemnity Co. ("Hartford"), and Continental Insurance Company ("Continental"),[1] (collectively, "Insurers") on Emerson's claim that the Insurers have a duty to defend and indemnify it in proceedings brought by the New York State Department of Environmental Conservation. We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

Emerson argues that the district court erred in ruling for the Insurers based on "pollution exclusion" provisions of each policy.[2] As to Hartford and Continental, Emerson notes that the exclusion is inapplicable to "sudden and accidental" "discharge, dispersal, release or escape" of pollutants, which Emerson submits is this case. J.A. 300. As to Travelers, Emerson notes that the exclusion bars coverage only where the discharge from which the damage arose was "expected or intended," which Emerson submits is not this case.[3] J.A. 2291. The record and law defeat these arguments.[4]

---

[1] In referring to Continental, we incorporate its predecessors by merger Firemen's Insurance Company and Glens Falls Insurance Company.

[2] For purposes of this discussion, we assume arguendo that the policies existed, a matter that the Insurers partially dispute. In light of our conclusion that there could exist no duty to defend, we need not address Emerson's arguments as to the policies' existence and terms.

[3] The Travelers pollution exclusion bars coverage for "bodily injury or property damage arising out of any emission, discharge, seepage, release or escape of any liquid, solid,

3

First, Emerson concedes that pollutants were intentionally dumped in the well at issue, although it argues that any overflow due to rainwater was unintended, unforeseen, and therefore "accidental" under the Hartford and Continental policies. New York law, construing this type of pollution exclusion, has held that the unintended consequences of intentional discharges are not "accidental." See Technicon Elecs. Corp. v. Am. Home Assur. Co., 74 N.Y.2d 66, 75, 544 N.Y.S.2d 531, 533–34 (1989) ("[T]he pollution exclusion clause, by its own terms, does not distinguish between intended or unintended consequences of intentional discharges; rather, it excludes from coverage liability based on all intentional discharges of waste whether consequential damages were intended or unintended." (emphasis in original)); see also Ogden Corp. v. Travelers Indem. Co., 924 F.2d 39, 42 (2d Cir. 1991) ("[T]he contamination of a site is accidental when the conduct, the activity resulting in pollution, was unintended.").[5] Thus, because the conduct

---

gaseous or thermal waste or pollutant if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any Insured or any person or organization for whose acts or omissions any Insured is liable." J.A. 2291 (emphasis omitted).

[4] We note that under New York law, the burden of proving coverage differs between the two types of policies. Under Continental and Hartford's policies, which involve an exception to an exclusion, the insured bears the burden of showing that its actions fall within the exception. Under Traveler's policy, where the exclusion itself is at issue, Travelers bears the burden of proving the applicability of the exclusion. See Borg-Warner Corp. v. Ins. Co. of N. Am., 577 N.Y.S.2d 953, 957 (3d Dep't 1992). This distinction would only matter if we were in equipoise, cf. M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 225 n.3 (2d Cir. 2012), and as we are not, for the reasons stated in this order, the distinction is immaterial.

[5] We acknowledge that under New York law, insurers may have a duty to defend claims for "damages which accidentally arise out of a chain of unintended though expected or foreseeable events that occurred after an intentional act." City of Johnstown v. Bankers

4

resulting in pollution here was intentional, and only its consequences were unintentional, we conclude that, as a matter of law, any overflow was not "accidental," and the pollution exclusion therefore applies to contamination resulting from rainwater overflow.[6]

Emerson next argues that workers in its building had a practice of carrying punctured drums outside, where they would leak, creating a discharge that Emerson contends was "sudden and accidental." As the district court observed, the record presents no admissible evidence of such actions. Even if it did, however, leakage resulting from the placement on the ground of drums known to be punctured would not be "accidental" for the reasons just explained.

Insofar as Emerson argues that damage caused by overflow or by seepage from the dry well into the surrounding ground was neither "expected" nor "intended," J.A. 2291, as required by Travelers's pollution exclusion, the argument fails because, even if the seepage

---

Std. Ins. Co., 877 F.2d 1146, 1150 (2d Cir. 1989) (internal quotation marks omitted). The inquiry is whether the "'total situation could be found to constitute an accident.'" Id. (quoting McGroarty v. Great Am. Ins. Co., 36 N.Y.2d 358, 363, 368 N.Y.S.2d 485, 490 (1975)); see also Olin Corp. v. Ins. Co. of N. Am., 221 F.3d 307, 317 (2d Cir. 2000); Continental Cas. Co. v. Rapid-American Corp., 80 N.Y.2d 640, 649, 593 N.Y.S.2d 966, 970 (1993). Here, the frequent and predictable flooding of the dry well cannot be characterized as "an accident." This is not a case where a "carter's truck suddenly overturned at the site and accidentally spilled its contents here instead of there, or that the pollutants suddenly and accidentally escaped from some containment basin or tank." Stamford Wallpaper Co., Inc. v. TIG Ins., 138 F.3d 75, 80–81 (2d Cir. 1998). Rather, pollutants were intentionally dumped into an unlined well in an area that routinely flooded. In such a situation, we cannot say that rainfall leading to an overflow of the dry well was unintentional or accidental.

[6] In light of our conclusion that contamination resulting from overflow was not "accidental," we need not reach the question of whether it was "sudden."

5

and overflow were unintended, they nevertheless "aris[e] out of" an expected and intended discharge—to wit, the routine dumping of chemicals into the dry well, id.

Thus, we conclude that the district court correctly entered summary judgment for the Insurers based on the pollution exclusion provisions of the policies at issue.

We have considered Emerson's remaining arguments and reject them as without merit.   Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6