# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**131**

**CA 14-01007**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

STEVE BROOM, PLAINTIFF-APPELLANT,

                    V                            MEMORANDUM AND ORDER

RUBIN & YATES, LLC, DEFENDANT-RESPONDENT.

---

POPE LAW FIRM, PLLC, WILLIAMSVILLE (PAUL T. BUERGER, JR., OF COUNSEL), AND THE SCHULMAN LAW FIRM, PC, DALLAS, TEXAS, FOR PLAINTIFF-APPELLANT.

RAYMOND C. STILWELL, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered August 9, 2013. The order granted plaintiff's motion for leave to reargue and renew his prior motion for summary judgment in lieu of complaint and upon reargument and renewal, adhered to a prior order denying the motion for summary judgment in lieu of complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced this action to enforce a judgment entered in Texas upon the default of defendant. Supreme Court denied the motion on the ground that the copy of the judgment submitted with plaintiff's moving papers was not properly authenticated. Plaintiff now appeals from an order granting his motion for leave to renew and reargue and, upon renewal and reargument, adhering to the prior decision denying plaintiff's motion. We affirm. Contrary to plaintiff's contention, the judgment was not properly authenticated because it was not accompanied by the certification required by CPLR 4540 (c) (*see Waingort v Waingort*, 203 AD2d 453, 453-454; *see generally Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 144; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 283 AD2d 322, 323)

In light of our determination, we do not address plaintiff's remaining contention.

Entered: March 20, 2015                                  Frances E. Cafarell
                                                         Clerk of the Court