22-1516
Napoli v. Nat'l Sur. Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.**

**PRESENT:**
       **GUIDO CALABRESI,**
       **MICHAEL H. PARK,**
       **WILLIAM J. NARDINI,**
          *Circuit Judges.*

---

**Paul Napoli and Marie Kaiser Napoli,**

       *Plaintiffs-Appellants*,

       **v.**

**National Surety Corporation,**          No. 22-1516

       *Defendant-Appellee.**

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | MEGHAN K. FINNERTY, Offit Kurman, P.A., Plymouth Meeting, P.A. |
| **FOR DEFENDANT-APPELLEE:** | ADAM I. STEIN, Cozen O'Connor, New York, N.Y. |

---

* The Clerk of Court is respectfully requested to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Paul Napoli and Marie Kaiser Napoli ("Plaintiffs") seek a declaratory judgment that Defendant National Surety Corporation ("NSC") has a duty to defend them in a suit brought by Paul Napoli's former employee Denise Rubin. Plaintiffs have homeowner's and excess insurance policies through NSC ("NSC Policy"). The homeowner's insurance policy provides that NSC will defend a suit brought against Plaintiffs "for damages because of . . . personal injury." J. App'x at 131. But the policy excludes coverage for claims "arising out of[] business activities . . . of any insured." *Id.* at 133. In 2015, Denise Rubin sued Paul Napoli and law firms associated with Paul Napoli for sex discrimination, breach of contract, and quantum meruit. Rubin later amended her complaint to add allegations of retaliation against Paul Napoli. Plaintiffs then brought this suit against NSC. NSC moved to dismiss under Rule 12(b)(6), arguing that Rubin's amended complaint fell under the business activities exclusion. The magistrate judge issued a Report and Recommendation recommending that the district court grant NSC's motion to dismiss. The district court adopted the Report and Recommendation in full over Plaintiffs' objections. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Goe v. Zucker*, 43 F.4th 19, 28 (2d Cir. 2022).

The district court correctly decided that NSC has no duty to defend Plaintiffs because all of the claims in Rubin's complaint fall under the business activities exclusion of the NSC Policy. The NSC Policy excludes coverage for claims "arising out of[] business activities." J. App'x at 133. In the insurance context, New York courts have interpreted "arising out of" to mean "originating from, incident to, or having connection with." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 568 (2d Cir. 2011) (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 839 N.E.2d 886, 889 (N.Y. 2005)). Rubin's complaint alleges that after she filed her initial complaint against Paul Napoli and his law firms for employment discrimination, he "took or compelled others working at his behest to take a number of retaliatory actions against her," including filing "meritless" counterclaims and new lawsuits against her, filing a "meritless" disciplinary complaint, and "harassing [her] former clients." J. App'x at 216. These claims all "originat[e] from" and have a "connection with" Rubin's employment at Paul Napoli's law firms. *See Fed. Ins. Co.*, 639 F.3d at 568. NSC has thus shown that there is "no possible factual or legal basis on which [NSC] might eventually be . . . obligated to indemnify" Plaintiffs because all of Rubin's claims fall under the business activities exclusion of the NSC Policy. *See Brooklyn Ctr. for Psychotherapy, Inc. v. Phila. Indem. Ins. Co.*, 955 F.3d 305, 310 (2d Cir. 2020) (quoting *Mary & Alice Ford Nursing Home Co. v. Fireman's Ins. Co. of Newark, N.J.*, 86 A.D.2d 736, 737 (3d Dep't 1982)).

Plaintiffs' argument that Rubin served as their personal counsel does not change the result. Rubin's complaint alleges that Plaintiffs made false allegations about her in the context of her suit for employment discrimination. To find that such allegations somehow arose from Plaintiffs' personal activities rather than their business activities would require us to "hypothesize or imagine

3

episodes or events that cannot be found among the allegations." *Stamford Wallpaper Co. v. TIG Ins.*, 138 F.3d 75, 81 (2d Cir. 1998). The duty to defend cannot be established through a "strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable." *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82 (2d Cir. 2006) (cleaned up).

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
