■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v STANLEY HELINSKI et al., Defendants and Third-Party Plaintiffs, and ROYAL HARRISON, Defendant and Third-Party Plaintiff-Respondent. STATE FARM FIRE AND CASUALTY COMPANY et al., Third-Party Defendants, and MCA INSURANCE COMPANY, Third-Party Defendant-Appellant. [610 NYS2d 376] — Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 8, 1992 in Washington County, which, *inter alia,* granted defendants' motion and declared that third-party defendant MCA Insurance Company must provide a defense and/or indemnify defendant Royal Harrison in the main action.

Third-party defendant MCA Insurance Company (hereinafter MCA) issued a homeowners' insurance policy covering certain real property (hereinafter the parcel) owned by defendant Royal Harrison. Plaintiff commenced this action against Harrison alleging that he unlawfully entered upon the parcel and built earthen berms and created large potholes for which plaintiff sought damages. Harrison answered and asserted, *inter alia,* that he had acquired the parcel by adverse possession. Thereafter, Harrison commenced a third-party action against MCA seeking defense and indemnification as to the primary action. Following MCA's answer, Harrison moved for summary judgment asserting that until it was established that he was not the legal owner of the parcel, MCA was obligated to defend. Additionally, Harrison argued that even if plaintiff's allegations were true, he merely erred as to the extent of his property and, as such, any damage to plaintiff was the result of an accident, thus entitling him to indemnification. MCA cross-moved for summary judgment on the grounds that the matters alleged in plaintiff's complaint did not constitute an "occurrence" within the meaning of the insurance policy and that Harrison was not entitled to a defense or indemnification based upon various exclusionary clauses contained in the policy. Supreme Court granted Harrison's motion and MCA has appealed.

We begin our analysis with the well-known proposition that where there is no basis for indemnification, there is no duty to defend *(see, Town of Moreau v Orkin Exterminating Co.,* 165 AD2d 415, 418). It is our view, for the reasons that follow, that under no circumstances will MCA be obliged to indemnify its insured under the applicable provisions of its policy of insurance and, therefore, MCA's cross motion for summary judgment should have been granted.

Initially, we observe that Harrison's homeowners' policy contemplates, *inter alia,* indemnification for losses arising out of the use of his property. Thus, if Harrison were to wrongfully channel water onto plaintiff's property, thereby causing damage, his insurer might be called upon to indemnify and therefore would be obliged to defend *(see, Matter of Town of Huntington v Hartford Ins. Group,* 69 AD2d 906). On the other hand, if Harrison drove his vehicle onto plaintiff's property and, as the result of a collision, negligently damaged a building, it could hardly be said that his homeowners' insurance would be a source of indemnification. Here, the underlying complaint alleges that Harrison wrongfully entered upon plaintiff's land and placed or erected earthen berms thereon for which plaintiff seeks damages. Inasmuch as the gravamen of the complaint does not seek damages by reason of the improper use of Harrison's property, MCA will not be obligated to indemnify Harrison in the event that plaintiff prevails in the main action, except to the extent of $500 under the additional coverages provisions of the policy for damage to the property of others which, for the reasons that follow, is also not available to Harrison. Alternatively, if it is determined that the parcel is in fact Harrison's, there will be no need for indemnification and, likewise, no duty to defend.

Moreover, in order for Harrison to be covered for personal liability for damage to the property to others under the additional coverages provisions of the policy, as well as for personal liability under the general provisions of the policy, there must have been an "occurrence", which is defined as "an accident, including exposure to conditions, which results, during the policy period, in * * * property damage". Harrison argues that even if it could be said that he intended to damage the parcel, because he was operating under the assumption that he owned the parcel such damage was accidental. We disagree. Clearly, if Harrison erred as to the extent of his property, his acts in changing the landscape of plaintiff's property were intentional, not accidental, and would not constitute an "occurrence" within the meaning of the policy *(see, McGroarty v Great Am. Ins. Co.,* 36 NY2d 358; *Borg-Warner Corp. v Insurance Co.,* 174 AD2d 24, *lv denied* 80 NY2d 753; *Town of Moreau v Orkin Exterminating Co., supra).* Put another way, this is not a situation where accidental results flow from intentional causes. Harrison's excavation of the parcel was intentional and the earthen berms and potholes were the contemplated results of those acts *(see, McGroarty v Great Am. Ins. Co., supra,* at 364). We have exam-

ined the parties' remaining contentions and find them to be lacking in merit.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted, summary judgment awarded to third-party defendant MCA Insurance Company and it is declared that said third-party defendant does not have a duty to provide a defense and/or indemnify defendant Royal Harrison in the main action.