DAVID SAKS et al., Respondents, v NICOSIA CONTRACTING CORPORATION, Defendant and Third-Party Plaintiff-Respondent. UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Defendant-Appellant. [625 NYS2d 758] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 11, 1994 in Greene County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

At issue on this appeal is whether a commercial general liability policy issued to a contractor provides coverage for a claim against the contractor based upon allegations that the contractor was negligent in failing to build a house entirely on

the owner's lot. We agree with Supreme Court that the policy provides coverage and, therefore, we affirm the order.

It is undisputed that plaintiffs hired defendant to construct a house on their property in Greene County and that the house was built partly on an adjoining lot, which has since been acquired by plaintiffs. Plaintiffs commenced this action to recover damages, alleging, *inter alia,* that defendant was negligent in failing to exercise due care in determining the location to build the house. Defendant requested that its insurer defend and indemnify in the action pursuant to a commercial general liability policy. The insurer disclaimed, and defendant commenced a third-party action against the insurer claiming coverage under the policy. The insurer appeals from Supreme Court's denial of its motion for summary judgment on the issue of coverage.

The policy at issue provides coverage in the event of bodily injury or property damage caused by an occurrence. The policy does not define occurrence. To the extent that the policy is ambiguous, resolution of the ambiguity, as in any case involving the interpretation of a contract, is a question of law for the court if the equivocality at issue can and should be resolved on the basis of the agreement alone, without reference to extrinsic evidence *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944). There is no claim that reference to extrinsic evidence is necessary here and, therefore, Supreme Court correctly ruled on the issue as one of law.

It is also the general rule that when there is ambiguity as to existence of coverage, doubt must be resolved in favor of the insured and against the insurer *(see, Handelsman v Sea Ins. Co.,* 85 NY2d 96, 101). Thus, an insurer must demonstrate not only that its interpretation is reasonable, but that it is the only fair interpretation *(see, Cetta v Robinson,* 145 AD2d 820, 822). Based upon these principles we reject the insurer's arguments that its insured's error in building a house in the wrong place is not an occurrence and that an exclusion for damages to the insured's work product is applicable.

An occurrence for liability insurance purposes is often defined as an accident *(see, e.g., Board of Educ. v Continental Ins. Co.,* 198 AD2d 816), which does not include intentional results *(see, e.g., Ward v Security Mut. Ins. Co.,* 192 AD2d 1000, *lv denied* 82 NY2d 655). The insurer contends that defendant intended to build the house where it is and, therefore, there can be no coverage for such an intentional act. In construing the term occurrence in liability policies the courts

have looked to the injury, not the act which produced the injury *(see, McGroarty v Great Am. Ins. Co.,* 36 NY2d 358). "Resulting damage can be unintended even though the act leading to the damage was intentional" *(Continental Cas. Co. v Rapid-American Co.,* 80 NY2d 640, 649 [citations omitted]). Defendant may have intended to build the house where it is, but there is nothing in the record to suggest that defendant intended to build the house outside the boundary lines of plaintiffs' property. The damages to the neighboring lot and to plaintiffs' property clearly were not intended by defendant.

The insurer relies on *People v Helinski* (203 AD2d 659, *lv denied* 84 NY2d 804), but that case is distinguishable on its facts. The insured therein intentionally entered upon a parcel of land and built earthen berms and created large potholes for which the plaintiff sought damages. The insured therein did not mistakenly enter onto the parcel of land. He did so intentionally, under a claim of title by adverse possession. Here, in contrast, defendant did not intentionally build on the neighboring parcel under a claim of title. The placement of the house partially on the neighboring parcel was the unintended result of defendant's intentional act, which is sufficient to establish that the result was accidental for insurance coverage purposes *(see, Miller v Continental Ins. Co.,* 40 NY2d 675; *see also, General Acc. Ins. Co. v Manchester,* 116 AD2d 790).

The insurer also relies on *Fuller Co. v United States Fid. & Guar. Co.* (200 AD2d 255, *lv denied* 84 NY2d 806), where the court found no occurrence resulting in property damage in a case involving a defective work product. The court explained that the liability policy "does not insure against faulty workmanship in the work product itself but rather faulty workmanship in the work product which creates a legal liability by causing bodily injury or property damage to something other than the work product" *(supra,* at 259). Plaintiffs do not claim that the house itself is defective, but rather they claim damage to real property as a result of the improper placement of the house on the property line. There can be little doubt that the real property on which the house encroaches sustained damage, and we are of the view that there was corresponding damage to plaintiffs' real property because of the encroachment. We conclude, therefore, that plaintiffs' complaint alleges an occurrence resulting in property damage within the meaning of the insurance policy at issue. Inasmuch as plaintiffs seek to recover for actual damage to their real property caused by defendant's negligent placement of the house on the

property line, we conclude that the work product and loss of use exclusions relied upon by the insurer are inapplicable. The insurer failed to demonstrate its entitlement to judgment in its favor as a matter of law and, therefore, Supreme Court's order should be affirmed.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.