E & R RUBALCAVA CONSTRUC-
TION, INC. and Raul Rubal-
cava, Plaintiffs,

v.

The BURLINGTON INSURANCE
CO., Defendant.

No. Civ.A. 3:99–CV–0073–M.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 6, 2001.

Supplemental Order April 18, 2001.

---

Robert H. Dawson, Jr., John C. Tollefson, Stanhope B. Denegre, Goins Underkofler Crawford & Langdon, Dallas, TX, for Plaintiffs.

Paul J. Van Osselaer, Jill Marie Cronin, Hughes and Luce, Austin, TX, for Valley Forge Insurance Company.

Roy L. Stacy, Pamela J. Touchstone, Stacy and Conder, V. Paige Pace, Margaret R. Mead, Armando S. Chiu, Pace and Goldston, Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

Before the Court is Plaintiffs' Motion for Partial Summary Judgment, filed September 11, 2000, Defendant's Response and Motion for Summary Judgment *Sua Sponte*, filed October 12, 2000, the joint appendix, filed November 29, 1999 with earlier motions for summary judgment,

Plaintiffs' appendix, filed September 11, 2000, as supplemented with the Ordesch Third Party Petition on November 28, 2000, the responses, the replies, and the applicable authorities. The Court heard oral argument on November 6, 2000.

In September 1999, Defendant sued Plaintiffs for a declaration that Defendant has no duty to defend or indemnify Plaintiffs in four lawsuits: *Steven Warren and Jennifer Warren v. Goff Homes, Inc. and Strand Sys. Eng'g., Inc. and Goff Homes, Inc. v. MMC Dev. Corp. and E & R Rubalcava Constr., Inc.*, Cause No. 98–20407–158 (the "*Warren* Lawsuit"); *Raymond Henry and Krystal Henry v. Goff Homes, Inc. and Strand Sys. Eng'g, Inc. and Goff Homes, Inc. v. MMC Dev. Corp. and E & R Rubalcava Constr., Inc.*, Cause No. 98–10521–16 (the "*Henry* Lawsuit"); *Monte Sloan and Terri Sloan v. Goff Homes, Inc. and Strand Sys. Eng'g., Inc. and Goff Homes, Inc. v. MMC Dev. Corp. and E & R Rubalcava Constr., Inc.*, Cause No. 98–10790–16 (the "*Sloan* Lawsuit"); and *Edward Ordesch and Lana Ordesch v. Goff Homes, Inc. and Strand Sys. Eng'g., Inc. and Goff Homes, Inc. v. MMC Dev. Corp. and E & R Rubalcava Constr., Inc.*, Cause No. 98–30572–211 (the "*Ordesch* Lawsuit").[1] Subsequently, Plaintiffs sued for a declaration that Defendant has a duty to defend them in *Ben Allison and Janet Allison v. Goff Homes, Inc. and Strand Sys. Eng'g., Inc. and Goff Homes, Inc. v. MMC Dev. Corp. and E & R Rubalcava Constr., Inc.*, Cause No. 98–30559–211 (the "*Allison* Lawsuit"). Defendant removed the suit to federal district court and counterclaimed for declaratory judgment.[2] On April 19, 2000, Plaintiffs filed in this case a counterclaim for declaratory judgment that Defendant has a duty to defend and indemnify Plaintiffs in *John Rosenbaum and Linda Rosenbaum v. Pierce Homes, Inc., Larry F. Smith and Larry F. Smith, Inc. v. E & R Rubalcava Constr., Inc.*, Cause No. 98–40417–362 in Denton County, Texas (the "*Rosenbaum* Lawsuit").[3] On May 25, 2000, this Court entered its Memorandum Opinion and Order determining that Defendant had a duty to defend Plaintiffs in lawsuits brought by other Goff homeowners.

On September 11, 2000, Plaintiffs moved for summary judgment on Defendant's claims, and on their own claims for declaratory relief arising out of the more recent suits. Defendant subsequently moved for summary judgment *sua sponte*, asking the Court to declare that Defendant has neither a duty to defend, nor a duty to indemnify Plaintiffs in the underlying lawsuits. For the reasons stated below, the Court **DENIES** summary judgment for Defendant, and **GRANTS** partial summary judgment for Plaintiffs.

## I. Background

The following are the undisputed facts germane to the Motions currently pending before the Court. Defendant, The Burlington Insurance Company ("Burlington"), issued to Raul Rubalcava, d/b/a E & R Rubalcava Construction, Inc., general commercial liability policies numbered B0170G000123, B0170G000123 R–1, B0170G000123 R–2, B0168G100359, and B0168G100466 for the policy periods and renewals spanning January 22, 1994

---

**1.** Those four declaratory judgment suits were previously consolidated into the current lawsuit.

**2.** *Allison* was removed to the Eastern District of Texas, but eventually transferred here and consolidated into this case.

**3.** All of these lawsuits are jointly called the "underlying lawsuits."

through January 23, 1998 ("the Policy"). Copies of the Policy were filed as part of the parties' Joint Appendix of November 29, 1999 ("Joint Appendix"), Exhibits C, D, E, F and G.

The underlying lawsuits arise from claims by purchasers of homes from general contractors Goff Homes, Inc. ("Goff Homes") and Pierce Homes, Inc. ("Pierce Homes") (collectively "the general contractors"). E & R Rubalcava Construction, Inc., contracted with the general contractors to construct the foundations on such homes. The general contractors were sued by their purchasers, and they in turn filed third-party claims against Rubalcava, asserting negligence, breach of contract, and contractual indemnity theories of recovery. The *Warren, Henry, Sloan, Ordesch,* and *Allison* Lawsuits all involve third-party claims against Rubalcava asserted by Goff Homes, while the *Rosenbaum* Lawsuit involves a third-party claim brought by Pierce Homes. Because the claims brought by Goff Homes and Pierce Homes are virtually identical, the claims will be analyzed together.

There are two issues raised by the instant summary judgment motions: whether in the underlying lawsuit Burlington (1) has a duty to defend Plaintiffs; and (2) must pay statutory penalties to Rubalcava under Texas Insurance Code Article 21.55.

## II. Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.

R.Civ.P. 56(c); *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 170 (5th Cir.1991). Both parties urge, and the Court agrees, that, as to the duty to defend, this case presents no genuine issues of material fact, and that the case should be decided as a matter of law.

## III. Analysis and Decision

Both Rubalcava and Burlington acknowledge that a declaratory judgment is a proper manner in which to resolve disputes over liability insurance coverage. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

### A. Duty to Defend

An insurer's duty to defend is determined by the allegations in the relevant pleadings and the language of the insurance policy. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (1997). If facts within the scope of coverage are alleged, an insurer must defend a suit against its insured. *American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848 (Tex.1994).

Under the "eight corners" rule, which Texas courts follow in determining whether the insurer has a duty to defend, courts must compare the language of the relevant insurance policy with the allegations of the pleading(s).[4] *Federated Mut. Insur. Co. v. Grapevine Excavation, Inc.,* 197 F.3d 720, 723 (5th Cir.1999). The burden is on the insured to show that claims against him potentially fall within the scope of coverage under the insurance policy, but if the insurer relies on policy

---

4. Citing *Gibson & Assoc. v. Home Ins. Co.,* 966 F.Supp. 468, 473 (N.D.Tex.1997), Burlington argues that when a third-party claim is asserted against the insurer, in determining the duty to defend, the court must look only to the third-party pleading, and not to the underlying plaintiff's pleading. This Court does not agree. Thus, in determining whether Burlington has a duty to defend Rubalcava in the underlying lawsuit, the Court will look to the third-party claims and to the plaintiffs' pleadings.

exclusions in denying it has a duty to defend, then the burden falls on the insurer. *See id.* Burlington has asserted two policy exclusions here, but this Court concludes that those exclusions are inapplicable.

### 1. *Business Risk Exclusion*

■ Burlington alleges that it does not owe Rubalcava a duty to defend in the underlying lawsuits based on the business risk exclusion in the Policy. This exclusion bars coverage of an insured as "to that particular part of any property ... out of which any 'property damage' arises, or the restoration, repair, or replacement of which has been made or is necessary by reason of faulty workmanship ... by or on behalf of the insured." (Jt.App. at Ex. C, D, E, F, G). The business risk exclusion applies only to the cost for repair to work performed by the insured, not to the cost of repair of other damage to the homes in issue. *Hartford Casualty Co. v. Cruse*, 938 F.2d 601, 604 (5th Cir.1991).

The plaintiffs' petitions in the underlying lawsuits, which are referenced in Goff Homes's third-party petitions, seek recovery other than for the repair of the allegedly faulty foundations. To that extent, the business risk exclusion is inapplicable. *Id.* at 603 ("Damages due to defective foundation work that affected property other than the foundation do not fall within the terms of [the business risk exclusion].").

### 2. *Contractual Liability Exclusion*

■ Burlington alleges that it is exempt from defending Rubalcava in the *Allison* Lawsuit based on the contractual liability exclusion. Essentially, Burlington's Policy excludes liability assumed by Rubalcava under any contract or agreement by which Rubalcava agrees to indemnify a third party for that party's sole negligence. In the *Allison* Lawsuit, however, Rubalcava is not being sued as the contractual indemnitor of Goff Homes's conduct, but rather for Rubalcava's own conduct. Therefore, the contractual liability exclusion is inapplicable.

### B. Texas Insurance Code Article 21.55 Penalties

■ Under Texas Insurance Code Article 21.55 ("Article 21.55"), statutory penalties may be imposed "[i]n all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefore is not in compliance with this article...." Tex.Ins.Code Ann. art. 21.55 § 6. If an insurer delays payment of a claim [5] within the statutory time period, it is liable for statutory damages. *Teate v. Mutual Life Ins. Co.*, 965 F.Supp. 891 (E.D.Tex.1997). An insurer's wrongful rejection of a claim may be considered a delay in payment for purposes of Article 21.55. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir.1997).

Here, Burlington has refused to pay defense costs for which it is liable to Rubalcava. The amount of such costs is not before the Court and presumably will be presented to the factfinder. This claim is now a first party claim and the statutory penalty under Art. 21.55 will apply to such sums. *See Sentry Ins. Co. v. Greenleaf Software, Inc.*, 91 F.Supp.2d 920 (N.D.Tex. 2000).

**SO ORDERED.**

### *SUPPLEMENTAL ORDER*

In its. Memorandum Opinion and Order of February 6, 2001, the Court cited *Sen-*

---

**5.** Article 21.55 defines a claim as "a first party claim made by an insured or a policyholder under an insurance policy ... that must be paid by the insurer directly to the insured or beneficiary." Tex.Ins.Code Ann. art. 21.55 § 1.

*try Ins. Co. v. Greenleaf Software, Inc.*, 91 F.Supp.2d 920 (N.D.Tex.2000). Although that decision has been vacated, this Court remains of the view that this case now involves a first party claim, and that Article 21.55 applies to such claim. Defendant is therefore liable for penalties under Article 21.55.

**SO ORDERED.**