**MT. HAWLEY INSURANCE COMPANY, Plaintiff,**

v.

**STEVE ROBERTS CUSTOM BUILDERS, INC.,** Defendant.

No. 4:01–CV–288.

United States District Court, E.D. Texas, Sherman Division.

July 25, 2002.

---

James Richard Harmon, Thompson, Coe, Cousins & Irons, Dallas, TX, for Plaintiff.

Matthew Kegan Davis, Jones, Davis & Byers, Dallas, TX, Lee Howard Shidlof-

sky, Nickens, Lawless & Flack, Austin, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL N. BROWN, District Judge.

On this day came on for consideration Defendant's Partial Motion for Summary Judgment and Plaintiff's Cross–Motion for Summary Judgment. Having considered the Motions, the Responses to the respective motions, and the Replies together with the summary judgment evidence, the Court is of the opinion that Defendant's Partial Motion for Summary Judgement should be granted in its entirety and Plaintiffs Cross–Motion for Summary Judgment should be denied in its entirety.

## INTRODUCTION

Defendant Steve Roberts Custom Builders, Inc. ("SRCB") is a custom home builder. Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") is an insurer from which SRCB purchased general commercial liability policy no. MGL 116443, effective May 20, 1996 to May 20, 1997, (the "Policy"), which is the subject of this dispute. SRCB was sued by two individuals, for whom SRCB constructed a home, in the 367th District Court of Denton County, Texas (the "Underlying Suit"). SRCB tendered the defense and requested indemnity from Mt. Hawley on May 30, 2000, July 6, 2001, and July 31, 2001. Mt. Hawley has refused to defend or indemnify SRCB under the Policy.

### The Underlying Suit

SRCB constructed a single family residence for Larry and Sandra McCown. Construction of the residence was completed in 1996. In connection with the construction of the McCown residence, SRCB placed a portion of the McCown's driveway across the property line and onto the neighboring lot. The McCowns granted an easement on one side of their property with the belief that they would be or had been granted an easement on the neighboring property on the other side of their property. SRCB claims that it believed that the developer and the title company had obtained and filed the necessary paperwork to procure an easement for the McCown's driveway. SRCB claims that upon that belief, it caused the driveway of the McCown residence to be poured in such a manner that it encroached upon approximately two feet of the neighboring property, but not beyond the area for which SRCB believed it had obtained an easement. However, the developer failed to obtain the easement, and the McCown's were ultimately sued by their neighbors, the Horowitzes, for the encroachment. The McCowns eventually removed two feet of their driveway. As a result of the removal, it is difficult to maneuver vehicles out of the driveway, and the driveway does not provide reasonable, safe access in and out of the property. The McCowns allege that they must now widen their driveway and correct the misalignment of a fence, which will entail the relocation of a retaining wall, the mailbox and other landscaping and irrigation on the property. As a result of these events and resulting problems, the McCowns sued SRCB for breach of contract, breach of warranty, negligence, negligent misrepresentation, statutory fraud and violations of the Texas Deceptive Trade Practices Act ("DTPA").

### Procedural Posture

Mt. Hawley filed the present lawsuit, seeking a declaratory judgment from this Court that Mt. Hawley did not have a duty to defend or a duty to indemnify SRCB in the Underlying Suit. SRCB filed counterclaims against Mt. Hawley for declaratory judgment, breach of contract and for violation of the prompt payment of claims provision of the Texas Insurance Code. SRCB subsequently filed its Partial Motion for

Summary Judgment on Mt. Hawley's claim for declaratory judgment on the duty to defend and on SRCB's counterclaim for violation of the Texas Insurance Code Article 21.55. Mt. Hawley filed its Cross–Motion for Summary Judgment seeking a declaration from this Court that it has no duty to defend and no duty to indemnify SRCB under the general commercial liability policy in this case. The Court will discuss these motions simultaneously.

## DISCUSSION

SRCB seeks declaratory judgment from this Court that Mt. Hawley has a duty to defend SRCB in the Underlying Suit. Mt. Hawley, in turn, seeks declaratory judgment from this Court that Mt. Hawley has no duty to defend SRCB, and as a result, has no duty to indemnify SRCB in the Underlying Suit. Mt. Hawley argues that the petition in the Underlying Suit does not allege an "occurrence" under the policy, that no "property damage" as defined by the policy resulted in the Underlying Suit and finally, that three different exclusions apply to the facts in the Underlying Suit, which preclude Mt. Hawley from owing SRCB a duty to defend and a duty to indemnify.

▬ Mt. Hawley filed its lawsuit in this Court on the basis of diversity of citizenship; therefore, when determining whether Mt. Hawley has a duty to defend, the Court will apply Texas law. In order to determine whether an insurer has a duty to defend its insured, Texas courts apply the "eight corners rule." *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). In applying the "eight corners rule" the insurer's duty to defend is determined solely by the allegations in the most recent petition and the insurance policy. *Id.* The initial burden is on the insured to show that the claim against it is potentially within the scope of the insurance policy's coverage. *Employers Casualty Co. v.*

*Block*, 744 S.W.2d 940, 945 (Tex.1988). "The general rule is that the insurer is obligated to defend [its insured] if there is, potentially, a case under the complaint within the coverage of the policy." *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. Doubts as to "whether or not the [factual] allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, ... will be resolved in [the] insured's favor." *Id.* Under the "eight corners rule," the "factual allegations of the underlying complaint are given a liberal interpretation in determining whether or not the duty to defend is triggered." *Id.* When reviewing the underlying complaint, the focus is on the factual allegations rather than the legal theories asserted. *Id.* If potential for coverage exists as to any portion of the suit, the insurer must defend the entire suit. *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 393 (5th Cir.1995). The duty to defend and the duty to indemnify are two distinct and separate duties. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex.1997). Therefore, an insurer may have a duty to defend the insured, but may not ultimately have a duty to indemnify the insured. *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex.1997).

## A. Whether the Petition in the Underlying Suit alleges an Occurrence under the Policy.

▬ The initial step in determining whether Mt. Hawley has a duty to defend SRCB is to determine whether the McCowns alleged an occurrence in the underlying lawsuit. Under Section I: COVERAGES, the Policy provides:

1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to

pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will seek and have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. b. This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

Policy No. MGL 11643 at 1.

The Policy further provides that " 'Occurrence' means an accident including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 12.

Texas courts have found "accident" in the context of an insurance policy to mean "negligent acts of the insured causing damage which is undesigned and unexpected." *Massachusetts Bonding and Ins. Co. v. Orkin Exterminating Co.,* 416 S.W.2d 396, 400 (Tex.1967) (citations omitted); *Federated Mutual Ins. Co. v. Grapevine Excavation, Inc.,* 197 F.3d 720, 725 (5th Cir.2000). Mt. Hawley argues that even though the McCowns alleged claims of negligence and negligent misrepresentation in the Underlying Suit, the factual allegations in the petition do not support a negligence claim; therefore, there is no accident, and as a result, no occurrence under the Policy. In determining whether the Underlying Suit is covered by the Policy, the Court must look to the Sixth Amended Petition to determine whether the McCowns' factual allegations constitute a claim for negligence against SRCB. In Plaintiff's Sixth Amended Petition in

the Underlying Suit, the McCowns allege that:

Roberts failed to exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs and, alternatively, Roberts failed to exercise reasonable care or competence in obtaining or communicating the information for obtaining the easement to the developer/owner of the adjoining lot to the north, so as to create an easement as represented.

Plaintiff's Sixth Amended Petition p. 8. When giving this section a liberal construction, it is sufficient to allege negligence on the part of SRCB in obtaining an easement or in ensuring an easement was obtained by the developer. A determination of whether SRCB's acts actually constituted negligence is not necessary for the purpose of determining whether Mt. Hawley has a duty to defend SRCB in the Underlying Suit. All that is necessary is that the petition actually allege facts which fall under the Policy's definition of "occurrence."

Mt. Hawley argues that the petition only alleges a misrepresentation on the part of SRCB and that an alleged misrepresentation is not an occurrence under Texas law. However, the McCowns also alleged that SRCB was negligent in its failure to obtain the necessary easement and negligent in placing the driveway in such a manner that it encroached on the neighboring property. SRCB relies heavily on *McKinney Builders II, Ltd. v. Nationwide Mutual Ins. Co.,* 1999 WL 608851 (N.D.Tex.1999), in its assertion that the petition in the Underlying Suit is sufficient to allege an "occurrence" under the Policy. In *McKinney Builders,* the Plaintiff and insured, McKinney Builders, sold two homes to two different buyers on adjoining lots. In connection with the sale and financing of these homes, McKinney Builders provided the buyers with a copy of an on-the-ground survey of

their properties performed by a surveyor hired by McKinney Builders. Several years later, both buyers were informed that their houses encroached on neighboring lots. The buyers subsequently sued McKinney Builders in state court for negligence in misplacing the houses, negligence in the hiring of surveyors, misrepresentation, and fraud. The court in *McKinney Builders* rejected the defendant's reliance on *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973), for the proposition that the plaintiffs in the underlying lawsuit had not alleged an "occurrence," which was covered by the insurance policy. The court determined that *Maupin* was not controlling because in *Maupin* the plaintiffs in the underlying suit alleged trespass, an intentional tort, against the insured, rather than negligence. *McKinney Builders*, 1999 WL 608851 at *5. "Accident" under an insurance policy has been found to include "negligent acts of the insured causing damage which is undesigned and unexpected." *Id.* The court found that the *Maupin* court's analysis of coverage for an intentional tort was inapposite to a case in which negligence was alleged.

The court in *McKinney Builders* also rejected the defendant's reliance on *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 18 F.Supp.2d 636 (N.D.Tex. 1998), because *Grapevine* involved a general contractor's suit of a subcontractor for failing to meet contract specifications. The court in *Grapevine* found that the "defective construction was not an accident because Grapevine's 'actions in failing to meet contract specifications are the natural and probable consequence of its conduct in allegedly breaching its contract by failing to meet the contract specifications.'" *McKinney Builders*, 1999 WL 608851 at *6 (citing *Grapevine*, 18 F.Supp.2d at 648). Conversely, the court in *McKinney Builders* found that the construction of the encroaching homes was

*not* the natural and probable consequence of Plaintiffs' reliance on an incorrect survey; therefore, an occurrence had been alleged in the underlying lawsuit, which invoked the insurance company's duty to defend *Id.*

Mt. Hawley argues that *McKinney Builders* is distinguishable from the present case because SRCB intentionally built the encroaching driveway on property it knew to be a part of the neighboring lot; whereas in *McKinney Builders*, the contractor built the homes without the knowledge that the homes rested on land that were actually a part of the adjoining properties. While it is true that SRCB did not rely on an incorrect survey in its placement of the driveway onto the neighboring property, the petition in the Underlying Suit is sufficient to allege that SRCB was negligent in failing to ensure that the easement for the driveway was obtained or that SRCB was negligent in constructing a driveway in such a way that it encroached onto the neighboring property. SRCB claims that it believed that the easement had been obtained; thus, it did not intentionally construct an encroaching driveway. This mistaken belief that a use-easement existed is analogous to McKinney Builder's reliance on an inaccurate survey. In both instances the builders did not believe they were encroaching on the neighboring property; thus, the encroachment and resulting damages were not an intended or expected result. *See Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 473 (5th Cir.2001) (stating that "if the act is deliberately taken, performed negligently, and the effect is not the intended or expected result had the deliberate act been performed nonnegligently, there is an accident").

█ Mt. Hawley also argues that the court's emphasis on intent in *McKinney Builders* was misplaced based on recent cases from Texas Courts of Appeals and a

federal district court. Mt. Hawley relies on *Hartrick v. Great American Lloyds Ins. Co.*, 62 S.W.3d 270 (Tex.App.—Houston [1st Dist.2001]), in discrediting the court's analysis in *McKinney Builders;* however, *Hartrick* only involved the insurance company's duty to indemnify the insured when a jury had determined that the insured was not negligent. *Hartrick* is inapposite to the present case in that a factual determination had already been made on the negligence claim by a jury, and that determination had a bearing on whether the insurer had a duty to indemnify the insured; whereas, in the present case, no such determination has been made, and this Court must determine whether the insurer owes the insured a duty to defend.[1] A determination on the ultimate issue of negligence need not be made in order to invoke Mt. Hawley's duty to defend. The petition in the underlying lawsuit must simply allege facts for which a potential for coverage exists. The Court is of the opinion that the allegations in the Underlying Suit sufficiently allege an "occurrence" under the Policy; thus a potential for coverage exists.[2]

**B. Whether the McCowns Seek Damages Constituting "Property Damages."**

 Mt. Hawley argues that no coverage exists because the underlying petition does not allege "property damage" as required by the policies. Mt. Hawley asserts that the McCowns did not allege physical injury to tangible property caused by SRCB's conduct. The Policy defines "property damage" as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

Policy at 12.

SRCB's failure to obtain a use-easement or its failure to ensure that such an easement was obtained for the McCowns' driveway resulted in an encroachment on the neighboring property. This property was owned by the Horowitzes. In 1998, Bernard Horowitz notified the McCowns that their driveway was encroaching on his property and that the McCowns must remove the part of the driveway that was situated on his property. The Horowitzes eventually sued the McCowns, demanding that they remove the encroaching portion of the driveway. The McCowns ultimately engaged a contractor to demolish the portion of their driveway that encroached on the Horowitzes' property, which was ap-

1. The insurance company in *Hartrick* did not dispute its duty to defend; rather it incurred the cost for defending the suit under the terms of the insurance policy.

2. Mt. Hawley also cites *Devoe v. Great American Ins.*, 50 S.W.3d 567 (Tex.App.—Austin 2001) and *Martin Marietta Materials Southwest, Ltd. v. St. Paul Guardian Ins. Co.*, 145 F.Supp.2d 794 (N.D.Tex.2001), in support of its attempt to discredit the court's analysis in *McKinney Builders.* These cases are also distinguishable from the present case. In *Devoe,* the court found that in the underlying lawsuit, events or a series of events that could be construed as an accident were not alleged; rather, substandard construction was alleged. In *Martin Marietta,* the court found that while the extent of the harm may not have been intended or foreseen, the fact that diverting water would result in a reduction of downstream waters, which could foreseeably harm downstream users, was expected. In the present case, the Court is of the opinion that events that could constitute an accident have been alleged, and an encroachment is not an intended or expected result when a driveway is constructed on property for which a use-easement has actually been obtained.

proximately two feet. The McCowns also planted grass on the Horowitzes' property in the area where the driveway had been removed. The McCowns made a demand on SRCB for indemnity of the McCowns' attorneys fees and expenses incurred as a result of the encroachment and the Horowitzes' suit against them, including the cost of demolishing and remodeling the driveway.

The McCowns' allegation that their driveway encroached on the Horowitzes' property is sufficient to allege physical injury. *McKinney Builders*, 1999 WL 608851 at *8. The allegation in and of itself constitutes an allegation of physical injury. *Id.; See also Saks v. Nicosia Contracting Corp.*, 215 A.D.2d 832, 625 N.Y.S.2d 758, 760 (N.Y.App.Div.1995) (stating "[t]here can be little doubt that the real property on which the [misplaced] house encroaches sustained damage, and we are of the view that there was corresponding damage to plaintiffs' real property because of the encroachment.") The Horowitzes' real property was damaged by the McCowns' encroaching driveway. Mt. Hawley asserts that because the encroaching driveway has been removed, no property damage exists. The Court is not persuaded by this argument. The fact that the McCowns removed the encroachment does not negate that the Horowitzes suffered damage to their real property and the McCowns incurred expenses in remedying the encroachment. Further, the McCowns' seek indemnification for the expenses incurred in connection with the Horowitzes' property damage. The allegations in the Underlying Suit are sufficient to allege "property damage" under the Policy; therefore, Mt. Hawley has a duty to defend SRCB.

**C. Whether Mt. Hawley is Relieved of Its Duty to Defend by Policy Exclusions.**

Mt. Hawley claims that even if the petition in the Underlying Suit alleged an "occurrence" and "property damage" under the Policy, it is relieved of its duty to defend by three policy exclusions: exclusion (a), exclusion (*l*), and exclusion (m).

*1. Exclusion (a)*

Exclusion (a) of the Policy provides:

This insurance does not apply to:

 a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Policy at 1.

In stating that this exclusion applies to the present case, Mt. Hawley simply reiterates the arguments it put forth when claiming that an "occurrence" was not alleged in the Underlying Suit. Mt. Hawley insists that SRCB would necessarily have expected the damages that resulted from the encroachment. In *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 473–74 (5th Cir.2001), the court rejected such an argument when determining whether an "occurrence" was alleged under the insurance policy. The court found that, under Texas law, it was "to focus on whether the effect is intended or expected not whether the negligent performance is intended or expected." *Id.* at 474. SRCB claims it believed the easement had been obtained by the developer, and the McCowns allege SRCB was negligent in its communications with the developer concerning obtaining the easement. Construction of a driveway on land for which SRCB believed a use-easement had been obtained would not result in an encroachment nor the resulting property damage. The focus should not be on whether the damage should have been expected when SRCB performed its duties negligently; rather the court should focus

on the intended or expected results when SRCB performed those duties non-negligently. Therefore, the Court is of the opinion that encroachment on the Horowitzes property was not an intended or expected result of SRCB's construction of the driveway, and exclusion (a) is not applicable.

### 2. Exclusion (l)

■ Exclusion (l) provides:

This insurance does not apply to:

1. "Property damage" to "your work" arising out of it or any part of it and included in the "products-competed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

Policy at 3.

The Policy also provided the following definitions relevant to the exclusion:

11. "Products-completed operations hazard" includes:

 a. all "bodily injury" and "property damage" occurring away from premises you own or rent and arising our of "your product" or "your work" except:

 (1) Products that are still in your physical possession; or

 (2) Work that has not yet been completed or abandoned.

 b. "Your work" will be deemed completed at the earliest of the following times:

 (1) When all of the work called for in your contract has been completed . . .

 (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete will be treated as completed.

15. "Your work" means:

 a. Work or operations performed by you or on your behalf; and

 b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

 a. Warranties or representations made at any time with respect to fitness, quality, performance or use of "your work"; and

 b. The providing or failure to provide warnings or instructions.

*Id.* at 12.

This exclusion applies to property damage to SRCB's work. While it would exclude damage done to the driveway itself, which constitutes SRCB's work, it would not apply to the property damage to a third party's property. In the present case, SRCB's alleged negligence caused an encroachment on the Horowitzes' property. The damage to the Horowitzes' property is separate and apart from any damage to the driveway or other materials or structures constituting "your work" under the Policy. Accordingly, exclusion (l) does not apply to the present case.

### 3. Exclusion (m)

■ Exclusion (m) provides:

This insurance does not apply to:

 m. "Property damage" to "impaired property" or property that has not been physically injured arising out of:

 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*Id.* at 4.

The Policy provides the following definition for "impaired property":

5. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

 a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

 b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

 a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

 b. Your fulfilling the terms of the contract or agreement.

*Id.* at 10.

The Court has previously determined that the encroachment of the driveway on the Horowitzes' property constituted "physical injury." Exclusion (m) applies to "impaired property" and not to property that has been physically injured.[3] The exclusion is inapplicable to these allegations because physical injury to property was alleged; therefore, exclusion (m) does

not relieve Mt. Hawley of its duty to defend SRCB in the Underlying Suit.

**D. Whether Mt. Hawley owes SRCB a Duty to Indemnify.**

■■■ Mt. Hawley also seeks a determination from this Court that it has no duty to indemnify SRCB. Mt. Hawley urges that because it does not have a duty to defend SRCB, it is likewise relieved of its duty to indemnify; however, the Court has determined that Mt. Hawley does have a duty to defend SRCB. Accordingly, the issue of whether Mt. Hawley has a duty to indemnify SRCB, and if so to what extent, is not ripe for determination at this time. *Aetna Casualty and Surety Co. v. Metropolitan Baptist Church,* 967 F.Supp. 217, 224 (S.D.Tex.1996). "It is well-settled that a trial court 'is without authority to decide the insurer's duty to indemnify in the absence of a final judgment in the underlying tort action.'" *Id.* (citing *Nationwide Property & Cas. Ins. Co. v. McFarland,* 887 S.W.2d 487, 491 (Tex.App.—Dallas 1994, writ denied)). Therefore, this Court will not make a determination on Mt. Hawley's duty to indemnify, as issues in the Underlying Suit have not been fully litigated or remain unsettled.

**E. Whether Article 21.55 of the Texas Insurance Code is Applicable in this Case.**

■■■ SRCB also seeks a declaratory judgment from this Court that Mt. Hawley has violated Article 21.55 of the Texas Insurance Code, or the "Prompt Payment of Claims Statute." Tex.Ins.Code Ann. art. 21.55 (Vernon Supp.2000). The Prompt Payment of Claims Statute provides for an

---

**3.** The court in *McKinney Builders* determined that an identical exclusion was inapplicable because physical injury to property had been alleged. The court went on to find that the exclusion was ambiguous because a different result would be reached if the allegations

were construed as property damage caused by loss of use. The Court does not reach a determination on whether the exclusion is ambiguous at this time. It simply does not apply to these facts in order to relieve Mt. Hawley of its duty to defend SRCB.

eighteen percent (18%) penalty and reasonable attorney's fees when an insurer wrongfully refuses or delays payment of a claim. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir.1997). Article 21.55 defines a claim as "a first party claim made by an insured or a policyholder under an insurance policy . . . that must be paid by the insurer directly to the insured or beneficiary." TEX. INS.CODE ANN. art. 21.55 § 1. The statute does not provide a definition of "first party." Mt. Hawley argues that Article 21.55 does not apply in this case because it is a third party liability claim.

In *E & R Rubalcava Const., Inc. v. Burlington Ins. Co.*, 148 F.Supp.2d 746, 750 (N.D.Tex.2001), the court found that Rubalcava's claim for the duty to defend was a first party claim under Article 21.55, and that the insurance company, Burlington, was subject to the statutory penalty under Article 21.55 for its wrongful rejection of the claim. Mt. Hawley claims that the *Rubalcava* opinion has no precedential value because the court in *Rubalcava* relied on *Sentry Ins. Co. v. Greenleaf Software, Inc.*, 91 F.Supp.2d 920 (N.D.Tex. 2000), which was later vacated; however, in a Supplemental Order, the *Rubalcava* court acknowledged that *Sentry* had been vacated, but stated that it remained "of the view that this case now involves a first party claim, and that Article 21.55 applies to such a claim." *Rubalcava*, 148 F.Supp.2d at 751. Additionally, in *Ryland Group, Inc. v. Travelers Indemnity Co. of Illinois*, 2000 WL 33544086 (W.D.Tex. 2000), the court concluded that "while [the insured's] claim for defense costs may not be what is traditionally thought of as a

first party claim, the claim does fit within the definition of 'claim' contained in Article 21.55." [4] Mt. Hawley cites *Hartman v. St. Paul Fire and Marine Ins. Co.*, 55 F.Supp.2d 600 (N.D.Tex.1998), for the proposition that SRCB's claim for the duty to defend is a third party claim and not covered by Article 21.55. The court in *Hartman*, states that it is persuaded by the defendant's argument that, at the time of making his claim, the relationship between Hartman and the insurance company was no longer insured/insurer; rather, it was that of creditor/judgment debtor. *Id.* SRCB correctly states that this language was *dicta* and was not the basis of the ultimate determination by the court that Article 21.55 did not apply. Instead, the court found that the defendant insurance company complied with the statute "by tendering a defense subject to the reservation of rights." *Id.* Therefore, this Court is not persuaded by Mt. Hawley's argument that SRCB's claim for a duty to defend should be treated as a third party claim. As in *Rubalcava* and *Ryland*, the Court is of the opinion that SRCB's claim for the duty to defend is a first party claim asserted against Mt. Hawley under Article 21.55 of the Texas Insurance Code, and the statutory penalty will apply to such sums.

## CONCLUSION

For the aforementioned reasons, the Court is of the opinion that Mt. Hawley has a duty to defend SRCB in the Underlying Suit. Whether Mt. Hawley has a duty to indemnify SRCB is not ripe for determination at this time. Finally, Mt. Hawley

---

4. The Court in *Ryland* also relied upon the subsequently vacated *Sentry* opinion in determining that the insured's claim for the duty to defend was a first party claim and covered under Article 21.55; however, the court also relied on a law review article, which discussed how the duty to defend is a form of first-party insurance contained within the liability insurance policy, in reaching its conclusion. *Ryland*, 2000 WL 33544086 at *12 (relying on Ellen S. Pryor, *Mapping the Changing Boundaries of the Duty to Defend in Texas*, 31 TEX.TECH.L.REV. 869, 930 n. 317 (2000)).

has failed to comply with Article 21.55 of the Texas Insurance Code and is subject to the statutory penalties provided therein.

It is so ORDERED.