■ MADISON 96TH ASSOCIATES, LLC, Plaintiff and Third Third-Party Plaintiff-Respondent, v 17 EAST OWNERS CORP., Defendant. (And Other Third-Party Actions.) QBE INSURANCE CORPORATION, Third Third-Party Defendant-Appellant. [985 NYS2d 236]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 22, 2013, to the extent appealed from as limited by the briefs, declaring that third third-party defendant QBE Insurance Corporation (QBE) is obligated to defend third third-party plaintiff Madison 96th Associates LLC (Madison) on claims brought against it by 17 East

Owners Corp. (17 East) and to reimburse Madison for costs and legal fees incurred in defending against the claims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 11, 2012, which, to the extent appealed from as limited by the briefs, granted Madison's motion for partial summary judgment and denied QBE's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly found that Madison was an additional insured under the insurance policy issued by insurer QBE to the insured, third-party defendant Marson Contracting Co., Inc. The policy accepted as an additional insured any entity that Marson was required to insure by written contract, but "only with respect to liability arising out of" Marson's work. The Construction Management Agreement between Madison and Marson, Madison's construction manager, specifically requires that Madison be named as an additional insured. Moreover, the injuries allegedly sustained by 17 East arose out of Marson's work (*see e.g. Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37-38 [2010]).

Madison's alleged encroachment onto 17 East's property constitutes "property damage" caused by an "occurrence" or "accident" within the meaning of the policy (*see Saks v Nicosia Contr. Corp.*, 215 AD2d 832 [3d Dept 1995]).

QBE failed to preserve its argument that 17 East's claims fall outside the policy period, and, in any event, the argument is unavailing.

The court properly rejected QBE's late notice defense. QBE's initial disclaimer, dated February 2006, failed to raise the issue of late notice; accordingly, QBE waived that defense (*see e.g. Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33 [1st Dept 2009]; *see also Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 193 [1st Dept 2004], *lv dismissed* 4 NY3d 739 [2004]).

The policy language does not prohibit QBE from being impleaded into this action.

We have considered QBE's remaining arguments and find them unavailing. Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.